This case is 4-13-0730, People's State of Illinois v. Dorian Willis. Attorney Noll, Debra Noll, is here on behalf of the appellant. Attorney Linda McClain is here on behalf of the appellee. Let's see, Ms. Noll, are you ready to proceed? All right, you may do so. May it please the Court, Counsel, my name is Debra Noll. I represent the appellant, Dorian Willis. We are here today about a pro se post-conviction petition that was filed by a teenager and then dismissed at the first stage. Dorian alleged that he told his attorney he wanted to appeal. His attorney disregarded the instructions. He lost his right to direct appeal as a result. These facts establish an arguable claim of ineffective assistance of counsel under Roe v. Flores-Ortega and People v. Edwards. The state asserts that this case is not like Roe and Edwards because Dorian alleged that his attorney told him an appeal would be a waste of time and money. But under Roe, consultation is only relevant if the defendant's wishes aren't clearly expressed on the record. And here, the defendant clearly alleged that he wanted to appeal. Since his attorney disregarded that request, reversal is required under Roe. But even if the consultation was relevant, Roe defines the consultation as, quote, advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. There's nothing in this record to show a consultation as defined by Roe. There's no advice to explain why the attorney believed an appeal would be a waste of time and money. And there was nothing about Dorian's wishes except that he wished to appeal. Therefore, under Roe, reversal is required. And moreover, even if this is construed as a consultation, the record shows that Dorian understood his attorney's response, that it was a prediction about the court's ultimate ruling, not a refusal. In fact, this case is very similar to People v. Edwards. In Edwards, the defendant pled guilty, was admonished about his right to appeal, and then there was no direct appeal filed. Four months later, after sentencing, he filed a post-conviction petition, alleging that he had asked his attorney to appeal, and his attorney said, on what grounds? And the attorney then failed to file an appeal, and so Edwards lost his right to appeal. And the Illinois Supreme Court held that that case was just like Roe, and that it required reversal and remand for second stage proceedings. Here, as in Edwards, Dorian told his attorney that he wished to appeal, the attorney didn't do so, and Dorian lost his right to appeal. Um, moreover, prejudice is shown because Dorian would have timely appealed, but for counsel's ineffectiveness. Four months after sentencing, he wrote the clerk of the court a letter asking for a status about his appeal. The clerk wrote him back to say no appeal had been filed, and he then immediately filed a motion for a late notice of appeal, which he alleged counsel's appeal reasonably relies upon counsel to file the necessary notice. That appeal was dismissed because this court lacked jurisdiction, and Dorian was advised that he needed to file a post-conviction petition, which he then did. Um, moreover, he's not required to show a meritorious underlying claim, but the record in this case does suggest there is such a claim here, where Dorian pled guilty in exchange for a cap of 20 years imprisonment, expecting that his attorney was going to make some sort of argument for a lower sentence. Instead, his attorney essentially conceded that a 20-year sentence was appropriate. Um, the attorney also didn't challenge the state's argument that Dorian was exaggerating his substance abuse issues, and it's also noteworthy the trial court failed to properly admonish where there was no mention of the state's right to under Edwards and Rowe, that Dorian's counsel was ineffective, and that he was prejudiced as a result. This court should therefore reverse and remand for second stage proceedings at which counsel is appointed. And if this court, does this court have any questions? I see none. Okay, well I reserve my remaining time for rebuttal. Thank you. Thank you, counsel. Ms. McClain? May it please the court? How about it, Ms. McClain? What are we supposed to do here? Um, I believe this court should affirm the dismissal of the post-commission on frivolous grounds. Well, it, it appears as if there's a bright, almost a bright line rule, that if, do you prevail because he didn't ask counsel to, what do I have to do? Withdraw my, plea? What do I have to do to, I mean, ask those kinds of questions? Or, he just says, I want to appeal. He didn't say, I just want to appeal. He said, I want to file a motion to withdraw, with motion to reduce my sentence and slash or appeal. Right. And the attorney responded, it would be a waste of time and money. So, he conveyed his wishes, and the attorney responded, it would be a waste of time and money, because he had to file a motion to withdraw a plea. He'd have to throw everything out and start completely over. And the attorney told him, it would be a waste of time to file a motion to withdraw, motion to reduce your sentence, because that's not going to fly. So, um, he conveyed his wishes, the attorney told him what the procedure was, and nothing was done. The attorney told him the procedure? He told him that a motion to reduce your sentence would be a waste of time and money. That's not what the procedure would be, though. The court had just previously, um, the conversation happened right after sentencing, and the court previously, immediately previously, had told the defendant that he had to file a motion to withdraw his plea. And we're going to keep up with the pretense that defendants listen, um, actually listen to what the judge is saying after they've just been sentenced to 20 years. Yeah. In your opinion, uh, would there be a different result if, uh, he had just limited his request to an appeal? Just said, I want you to file an appeal. And then, uh, we're not talking about what would be necessary, uh, what would be a necessary prerequisite to an appeal in terms of a motion. You have that very basic request out there. A different result? I think that's a different result. All right. So, and counsel doesn't say anything in response to that. It's not. As opposed to explaining. Right. Mm-hmm. In this case, it was a partially negotiated plea. Uh, there was a dismissal of a robbery charge and agreement to cap the recommendation for a sentence of 20 years. He then was properly admonished that he had to file a motion to withdraw his guilty plea in order to appeal. Nothing was filed in 30 days. Um, a month or so later, he wrote a letter to the circuit clerk asking what dates his attorney had filed a motion to reduce his sentence and or notice of appeal. He didn't ask about a motion, he didn't ask about whether his attorney had filed a motion to withdraw his plea. A month later, defendant filed a motion for notice of appeal relating to the ineffective assistance of counsel where he had asked counsel to file a motion to reduce his sentence or notice of appeal and it had not been done. He did not say anything in this, in this motion about withdrawing his plea. Then he filed a post-conviction petition supported by his affidavit which alleged that his trial attorney was ineffective where he had not filed a motion to reduce his sentence and or notice of appeal despite being specifically asked on the day of sentencing. He, according to defendant, trial counsel had responded that it would be a waste of time and money. He did not mention in the post-conviction petition that he wanted to withdraw his plea. Um, so I'm looking at the record and plus the allegations in the, post-conviction and his affidavit, he wants to reduce his sentence and appeal from that. He doesn't want to get rid of the entire plea and start over. The circuit court, um, agrees with the state's assessment of the record. The circuit court dismissed the pro se post-conviction petition stating that defendant's claim was that his attorney was ineffective for not filing a motion to reconsider his sentence. So we're alleging that the defendant did not satisfy the first prong of the Strickland standard. According to his affidavit, he asked his attorney to file a motion to reconsider sentence and or notice of appeal. The attorney talked to him about his request, said it'd be a waste of time and money. That's the, um, a summation of the merits of the, his request that a motion to reconsider sentence would not fly. And, um, so we're, um, the state is alleging that defendant did not satisfy the first prong of Strickland standard and that, um, the trial court was correct in dismissing his post-conviction petition on grounds that it was frivolous. Um, defendant had, had in effect agreed not to challenge a sentence by, um, agreeing to a sentence cap. And so that would, that type of motion would not have flied. Um, uh, also defense counsel's alleged deficient performance did not deprive him of his appellate proceeding. He deprived himself of his appellate proceeding, uh, by asking for a motion to reconsider sentence and not a motion to withdraw his guilty plea. Well, wouldn't competent advice be an explanation of why a motion to reduce sentence was not feasible? Uh, competent advice, you mean as attorney elaborating? Yeah. Um. Says, yeah, it's a waste of time. I, I mean, that is, I mean. That's not a conversation, that's a flippant remark. Whether that's his assessment or not. I don't know, um, you know, how, how much detail defendant would have needed in order to understand that, um. Well, what if he said, what I want to do is appeal. Because I don't like my sentence. I wish it was less. What do I need to do and I want you to do that for me? Is that the same thing as saying I want to appeal? I'm dissatisfied with the result. I want to know what my legal rights are. I want you to appeal. And in asking you to appeal or tell me or I want you to do it without telling me what I need to do to go forward and challenge that. And my answer is, it's a waste of time. Which, which, you know, who knows? He may have been correct in his assessment. But whose decision is it to make whether to appeal or not? Who has the right to make that decision? I think the defendant has the right to make the decision whether to appeal. The attorney needs to assess it. And if it's, if it's not, um, if, if the approach defendant wants to take is not meritorious, I think that the attorney has, doesn't have to feel, um, pursue a frivolous appeal. Well, if a, if a, let's say a self-represented litigant, like an inmate, who has an attorney in the criminal case, says to his attorney, I want you to file a notice of appeal from this sentence. Does that imply that you're going to file the appropriate post-plea motion, which is a motion to withdraw the guilty plea? I think that in that case, it's a stickier problem, and I think that perhaps you're correct on that. But he, he specifically said, I want to file a motion to reduce the sentence. Right, I know, but you're dealing with a layperson who doesn't understand maybe what the difference is, but the attorney should certainly know. I mean, he's appointed counsel, or he's hired counsel to give him advice. And advice has to have, has to be given in context. And the context would be, you've got to understand, if you don't like this sentence, and you want appeal, we're going to have to withdraw, try to withdraw your plea. And that would be a waste of time, because, or would be bad for you, because you may end up getting a longer sentence. Then the defendant can assess it. But he can't assess it. I can't assess anything if somebody says that's a waste of time. Well, what does that mean? A waste of my time, or your time? A waste of the court's time, or? I think it means it's frivolous. I, that's my, my assessment of wasted time and money. It was a, the private account, private counsel's going, it's not meritorious. Are there any other questions? I don't see any. Thank you, Ms. McClain. Ms. Gawley, Rebubble? Yes, thank you. The state's conceded that the record shows that Dorian conveyed his wishes. It's my position that under Roe, that's the end of the analysis. Counsel had to file that, and appeal, or do what was necessary. And as your honors pointed out, this is a, a lay person who is actually a teenager. He's not going to know the difference between, you know, a motion to reconsider, a motion to withdraw, or a motion to reduce the sentence. He just wanted to appeal. And even if it's the case that he wanted to appeal because he didn't like his sentence, that's permissible. He has a right to appeal. And in Edwards, the Supreme Court said that there's no provision in Rule 604D for dismissing a pro se motion to withdraw a guilty as frivolous. So even if the attorney's reasoning was that he thought it would be frivolous, he still had to say something to the court that Dorian could then have counsel appointed to help him file a 604D motion to withdraw. And I think that's, I guess my other main point is that this is a first stage PC. So much of the state's argument is making improper fact, fact finding at this point. We have to go a liberally construed version of what we have in the record, which what we have in the record is that Dorian asked his attorney to do whatever was necessary to appeal. The attorney disregarded those wishes and that Dorian lost his right to direct appeal as a result. And so for those reasons, this court should reverse and remand for second stage proceedings at which counsel is appointed. Okay. Thank you counsel. We'll take this panel advice and be in recess.